Sean M. Gaffney (CSBN 209251)
PROCOPIO, CORY, HARGREAVES
  & SAVITCH LLP
525 B Street, Suite 2200
San Diego, California 92101
Telephone:  (619) 525-3844
Facsimile:  (619) 398-0194
sean.gaffney@procopio.com

Attorneys for Defendant Monat Global Corp

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY BOTALLICO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MONAT GLOBAL CORP and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No.:  '18CV0851 CAB NLS |

## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Monat Global Corp ("Monat"), through undersigned counsel, hereby removes the case identified in Paragraph 1 below to this Court.  The removal is made pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

**I.   NATURE OF REMOVED CASE**

1.   On April 2, 2018, Kelly Botallico, individually and on behalf of a class of "all others similarly situated," filed a putative class action against Monat in the Superior Court of the State of California for the County of San Diego.  The

Complaint is captioned: *Kelly Botallico v. Monat Global Corp and Does 1 – 10, inclusive*, Case No. 37-2018-00016233.

2. Plaintiff asserts, purportedly on behalf of a class of "all consumers" who purchased Monat haircare products (the so-called "Class Products"), that the Class Products are being falsely marketed as safe and suitable for all skin and hair types, but instead cause damage and hair loss. Complaint ("Compl.") ¶¶ 3-17, 55.

3. Based on these allegations, Plaintiff attempts to maintain two causes of action: (1) Violation of the California False Advertising Act (Cal. Bus. & Prof. Code §§ 17500 *et seq.*); and (2) Violation of the Unfair Business Practices Act (Cal. Bus. & Prof. Code §§ 17200 *et seq.*). Compl. ¶¶ 70-97.

4. Plaintiff seeks to represent a nation-wide putative class, or at least a California putative class,[1] consisting of "[a]ll consumers, who, between the applicable statute of limitations and the present, purchased or attempted to purchase Class Products, and whose Class Products, namely Defendant's haircare products, caused damage to the person's scalp and hair loss." *Id.* ¶ 55.

5. Monat is named in the Complaint as the only non-fictitious, named Defendant. Plaintiff also names as defendants "Does 1 – 10, inclusive" (the "Doe Defendants"), using their "fictitious names" because "[t]he true names and

---

[1] Plaintiff does not limit the Class definition in Paragraph 55 of the Complaint to only California consumers. However, elsewhere in the Complaint, Plaintiff states that she "brings this class action Complaint against [Monat] to stop [Monat's] practice of falsely advertising its haircare products and to obtain redress for *a California class* of consumers ('Class Members') who changed position, within the applicable statute of limitations period, as a result of Defendant's false and misleading advertisements." *Id.* at ¶ 1 (emphasis added). Accordingly, the Complaint as written is internally contradictory and confusing as to whether Plaintiff intends to bring her Complaint on behalf of a national or multi-state consumer class, or solely on behalf of a California consumer class. Removal of this action is appropriate under either class theory, as the requirements for removal pursuant to the Class Action Fairness Act are met regardless of which class Plaintiff intends to represent. *See infra.*

2
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

capacities" of these Doe Defendants, consisting of "subsidiaries or agents of Monat," "are currently unknown to Plaintiff." *Id.* ¶ 23.

## II. VENUE

6. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.

## III. THE REMOVAL IS TIMELY

7. The removal is timely under 28 U.S.C. § 1446(b). Plaintiff filed her Complaint in state court on April 2, 2018, and it was served on Monat no earlier than April 5, 2018. *See* Exhibit A. Defendants filed this Notice of Removal within 30 days of service of the Complaint on Monat.

## IV. NOTICE TO ADVERSE PARTY AND STATE COURT

8. Pursuant to 28 U.S.C. § 1446(d), Monat is serving written notice of the removal of this case on Plaintiff's counsel:

Todd M. Friedman
Adrian R. Bacon
Meghan E. George
Thomas E. Wheeler
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367

9. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a Notice of Filing of Removal of Action to Federal Court with the Clerk of the Superior Court of the State of California for the County of San Diego. A copy of the Notice of Filing and Notice to Adverse Party of Notice of Removal of Action to Federal Court (without exhibits) is attached hereto as Exhibit B.

## V. THE CONSENT REQUIREMENT IS INAPPLICABLE

10. This class action case could be removed without the consent of any other defendant as provided by 28 U.S.C. § 1453(b). Moreover, Monat is the only non-fictitious, named Defendant in this case and hereby seeks removal, thus

establishing unanimous consent and fulfilling any consent requirement under 28 U.S.C. § 1446(b)(2), even if that requirement were applicable in this class action case.[2]

## VI. JURISDICTION EXISTS UNDER THE CLASS ACTION FAIRNESS ACT

11. The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (codified as 28 U.S.C. §§ 1332(d), 1335, 1441, 1453, 1603, and 1711–1715), confers federal jurisdiction over class actions involving: (a) minimal diversity (i.e., diversity between any putative class member and any defendant); (b) at least 100 putative class members; and (c) at least $5 million in controversy, exclusive of interest and costs. Unlike other removal cases, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (citing *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013). ("CAFA's primary objective is to ensure Federal court consideration of interstate cases of national importance.") (internal quotation and citation omitted)). This case satisfies CAFA's requirements.

### A. THE PARTIES ARE DIVERSE

12. The diversity requirement is met here. Plaintiff and Monat are, and were at all relevant times, citizens of different states. *See* 28 U.S.C. § 1332(d)(2)(A).

13. Plaintiff concedes that she is a citizen of California. *See* Compl. ¶ 6.

---

[2] The Doe Defendants are nominal, fictitious defendants who are excepted from the general rule requiring consent or joinder of all defendants in removal, even in cases where unanimous consent or joinder is required. *See Valley Forge Ins. Co. v. APL Co. Pte. Ltd.*, No. 09-CV-09323, 2010 WL 960341 (C.D. Cal. March 16, 2010). In addition, "only defendants who have been served need join in or consent to the removal. 28 U.S.C . § 1446(b)(2)(A)." *Tatevossian v. Wells Fargo Bank*, No. 16-CV-03135, 2016 WL 4367235, *3 (C.D. Cal., Aug. 12, 2016). There has been no service on any Doe Defendant.

14. A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The phrase "principal place of business" "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is the corporation's "'nerve center.'" *Id.* at 81. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id.* at 93.

15. Plaintiff concedes that Monat is incorporated in Florida and that its headquarters is in Florida. *See* Compl. ¶ 2. Therefore, Monat is not a citizen of California for diversity purposes.

16. Because Monat's citizenship differs from that of at least one member of the putative class, Monat has carried its burden to demonstrate CAFA's minimal diversity requirement under 28 U.S.C. § 1332(d)(2)(A).[3]

**B. THE PUTATIVE CLASS EXCEEDS 100**

17. Defendants do not concede the propriety of Plaintiff's putative class or that Plaintiff has pled a proper class. Defendants do not waive and, to the contrary, reserve their rights to challenge the propriety of the putative class in all respects. However, the Court looks to a plaintiff's allegations respecting class size for

---

[3] "CAFA has no 'complete diversity' or forum defendant rule, but rather a 'minimum diversity' requirement which is satisfied wherever a single member of the proposed class is from a different state than any defendant. 28 U.S.C. § 1332(d)(2)." *Armstrong v. Argosy Education Group Inc.*, No. C14-852, 2014 WL 12674280, *2 (W.D. Wash. Aug. 25, 2014). Fictitious "doe" defendants, such as the Doe Defendants here, therefore do not defeat diversity for purposes of CAFA removal even if they are later determined to be residents of the same state as a plaintiff (which is highly unlikely to happen here given that Monat's headquarters are in Florida where most of its employees also reside). *See id.* (rejecting remand even where "John Doe Defendants" appeared to reside in the same state as plaintiff given CAFA's minimum diversity requirement). Moreover, even in non-CAFA removal, "'the citizenship of defendants sued under fictitious names shall be disregarded.'" *Id.* (quoting 28 U.S.C. § 1441(b)(1)).

purposes of removal. *See Standard Fire Ins. Co.*, 133 S. Ct. at 1348. Plaintiff has pled that the class contains "thousands of persons." Compl. ¶ 59.

### C. THE AGGREGATE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

18. In 2014, the Supreme Court held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554. "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* "Under this system, CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1998 (9th Cir. 2015).

19. Accordingly, allegations in the plaintiff's own complaint and affidavit testimony submitted by the removing defendant ordinarily are more than sufficient to fulfill the "plausible allegation" requirement in a notice of removal, and can also meet the defendant's burden even when jurisdiction is contested. *See Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554 (holding that the district court erroneously remanded to state court when the defendant had submitted an affidavit in support of his calculation on the amount in controversy); *Minkler v. Kramer Laboratories, Inc.*, No. 12-cv-9421, 2013 WL 12138721, *2 (C.D.Cal. Jan. 4, 2013) ("In the Ninth Circuit, a removing party can satisfy its burden with respect to the amount in controversy required by CAFA by demonstrating that the plaintiff 'is seeking recovery from a pot that … could exceed $5 million' by the use of an affidavit or declaration of a corporate representative attesting to the amount in controversy based on the allegations and relief sought in the Complaint") (quoting *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 401-02 (9th Cir. 2010)).

*See also Clay v. Chobani LLC*, NO. 14-cv-4743891, 2015 WL 4743891, *3-4 (S.D.Cal. Aug. 10, 2015) (reliance on plaintiff's complaint and submission of corporate officer's declaration satisfied defendant's burden on CAFA removal). Monat vigorously denies the allegations and claims in Plaintiff's Complaint, but the fact that the amount in controversy is disputed is of no consequence in the removal inquiry – "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Ko v. Natura Pet Products, Inc.*, No. 09-cv-2619, 2009 WL 10695886, *2 (N.D.Cal. Sept. 28, 2009) (internal quotation and citation omitted).

20. Here, Plaintiff claims in her Complaint that "Defendant represents that its hair care products are made from organic materials found in nature that will not cause damage to the hair or scalp from its use, when this is in fact false." Compl. ¶ 3. She further alleges that "Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase or attempt Defendant's haircare products, which Plaintiff and others similarly situated would not have purchased or attempted absent these misrepresentations by Defendant and its employees." Compl. ¶ 5. *See also id.* ¶ 50 ("Had Defendant properly marketed, advertised, and represented the Class Products, Plaintiff would not have purchased the products."); ¶ 95 ("Had Defendant not falsely advertised, marketed, or misrepresented the Class Products, Plaintiff and Class Members would not have purchased the Class Products.") Plaintiff accordingly seeks "<u>restitution of all funds acquired from Plaintiff and Class Members from the sale of misbranded Class Products during the relevant class period</u>." *Id.* ¶ 99(e) (emphasis added).

21. By doing so, Plaintiff has placed into controversy *at least* the total price paid by, and revenues received from, all putative class members, which consists of all consumers nationwide, or at least in California, who purchased any of Monat's haircare products (the so-called "Class Products") during the class

7
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

period. Plaintiff defines the class period to run from the beginning of the "applicable statute of limitations to present." *Id.* ¶ 55. The applicable limitations period for Plaintiff's California false advertising and unfair business practices claims is four years, Cal. Bus. & Prof. Code § 17208, meaning that the class period extends from 2014 through at least the April 2, 2018 filing of the Complaint.

22. Monat has achieved over $350 million in sales in the United States from 2014, when Monat first started selling products, through the filing of the Complaint in this action, including over $200 million in sales in 2017 alone. *See* Declaration of Kirill Rishotkin, Monat's Chief Financial officer, ¶ 7, attached hereto as Exhibit C. Even if Plaintiff proposes only a California class, Monat has achieved over $20 million in sales in California alone from 2014 through the filing of the Complaint, including over $12 million in sales in 2017 alone. *Id.* ¶ 8.

23. Monat sells its products through a direct-selling model, utilizing a network of independent sales representatives, referred to as "Market Partners." *Id.* ¶ 5; *see also* Declaration of Natalie Johns, Monat's Vice President of Sales, U.S., ¶ 4, attached hereto as Exhibit D. Monat also sells products directly to customers through its website. *Id.* Some of Monat's customers are "VIP customers," who purchase membership in Monat's VIP program in order to receive discounts, free shipping, and other benefits. *Id.*

24. Monat's overall sales volume in a given period serves as a close proxy for the volume of consumer purchases during that same period. The vast majority of Monat's sold product ends up in the hands of individual consumers immediately after Monat's shipment because Monat's products are "drop shipped" (*i.e.*, shipped directly by Monat's warehouse) to end users of the products sold. Johns Declaration, ¶ 5. Monat's retail customers and VIP customers buy the products for their personal use. *Id.* The vast majority of Monat Market Partners do not carry inventory. *Id.* Accordingly, Monat's overall 2014-2017 sales figures reflected

above closely approximate 2014-2017 consumer purchases of Monat's products, whether through Monat Market Partners, through the website, or through the VIP program.

25.     Further, the addresses to which Monat ships product serve as a close proxy for the residence of the consumers of Monat's products.  The vast majority of the end users (consumers) of Monat's products live at (for retail customers, VIP customers and most Market Partners) or within close proximity of (for other Monat Market Partners), the address to which Monat ships products (*i.e.*, within the same state).  *Id.* ¶ 6.  Accordingly, Monat's sales into California, as measured by the addresses to which Monat ships product, necessarily track very closely to the state in which Monat's consumers actually reside.

26.     Hence, the total amount in controversy – the total amounts paid by consumers and received by Monat during the class period – is well in excess of $5 million, regardless of which class (nationwide or California only) Plaintiff seeks to represent, and only considering the restitutionary damages sought by Plaintiff. *See Standard Fire Ins. Co.*, 133 S. Ct. at 1348 ("[T]he [removal] statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million."); *Allred v. Frito-Lay North America, Inc.*, No. 17-cv-1345, 2018 WL 1725535, *2-3 (S.D.Cal. Apr. 10, 2018) (where plaintiff alleged that he would not have purchased the product and sought restitution of all monies from the sale of the product, declaration from defendant's officer that gross revenues from the product exceeded $5 million fulfilled defendant's burden to establish the statutory requirement).[4]

---

[4] Plaintiff does not specify in her Complaint which of Monat's product(s) she herself purchased even while purporting to represent a class of consumers who purchased *any* Monat product.  To the extent that Plaintiff's lack of standing to assert claims on products she herself never purchased is relevant to the amount-in-

9

1    27.   Additionally, Plaintiff seeks "[a]ctual damages suffered by Plaintiff," "[p]unitive damages," "all reasonable and necessary attorneys' fees and costs," "[p]re- and post-judgment interest," and injunctive relief, including "[a]n order requiring [Monat], at its own cost, to notify all Class Members of the unlawful and deceptive conduct" and "to engage in corrective advertising." *Id.* ¶ 99(d), (f)-(h).

    28.   Even if Plaintiff's claimed restitution damages alone do not alone exceed the jurisdictional threshold – which they clearly do – Plaintiff's additional claims for relief in combination with her restitution claim more than suffice.  For "actual damages," Plaintiff alleges that Monat's products "caused damage to Plaintiff's hair and scalp," causing "emotional distress, wasted time, anxiety, and physical harm to her hair and scalp" "to the point that Plaintiff needed to seek medical attention."  Compl. ¶¶ 11, 40, 90, 99(e).  When spread over the entire proposed class, these purported damages also could alone exceed the jurisdictional minimum.[5]

    29.   Plaintiff's claims for punitive damages, attorney's fees, and injunctive relief leave absolutely no doubt that the jurisdictional minimum has been met.  Punitive damages are included in a computation of the amount in controversy necessary for federal court jurisdiction when asserted in the complaint. *See Bell v.*

---

controversy calculation, Monat stands ready and willing to supplement its evidence to provide sales data on a product- or line-specific basis once Plaintiff clarifies her purchase history.

[5] Indeed, to the extent that Plaintiff asserts an individual claim that could exceed the $75,000 jurisdictional threshold found in the general diversity jurisdiction statute, 28 U.S.C. § 1332(a), this would provide an alternative basis for removal even if CAFA jurisdiction were found not to exist. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) (holding that 28 U.S.C. § 1367 permits a federal court to exercise supplemental jurisdiction over the claims of all class members so long as the named plaintiff has a claim in excess of $75,000). Plaintiff's individual claims for alleged personal injury damages, restitution damages, punitive damages and attorneys' fees could possibly exceed $75,000; accordingly, given the complete diversity between Plaintiff and Defendant, removal is proper, in the alternative, under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1446(c).

*Preferred Life Assur. Soc. of Montogomery, Ala.*, 320 U.S. 238, 240 (1943) ("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount"). Here, Plaintiff's prayer for punitive damages is supported by allegations that, if proved, could support such relief. *See* Compl. ¶ 86 (alleging that Monat engaged in intentional deception and "took advantage of perceived power" to induce "Plaintiff and the Class members to purchase haircare products that would cause damage and injury to their hair….") Attorney's fees sought by a plaintiff are also included in the calculation of the amount in controversy. *See Woodmen v. World Life Ins. Society v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202, 54 S.Ct. 133 (1933)).

30. As for injunctive relief, if, as Plaintiff seeks, Monat were required, at its own cost, to send notices to all customers in the United States, or even if only in California, and to engage in "corrective advertising," Monat would incur substantial expenses doing so, and such notices and "corrective advertising" would be highly likely to reduce future sales of Monat's products. *See Anderson v. Seaworld Parks and Entertainment, Inc.*, 132 F. Supp. 3d 1156, 1163-64 (N.D.Cal. 2015) (cost of "developing a new, viable marketing campaign or correcting allegedly harmful practices," plus the likely reduction of future sales from a public admission of wrongdoing, are relevant considerations in the CAFA amount-in-controversy determination).

31. Plaintiff's assertions and prayers for relief, plus Monat's Declarations, establish a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 554.

### D. OTHER CASES

32. This Court's CAFA jurisdiction is consistent with other cases pending in federal court. Monat is a defendant in at least five other class action complaints filed in federal court, each of which asserts jurisdiction under CAFA. Each of the other class action cases asserts, purportedly on behalf of the same national class and state sub-classes, like the Plaintiff here, that Monat hair care products are being falsely marketed as safe and suitable for all skin and hair types, but instead cause damage and hair loss. Like the claims here, all of the claims asserted in these other class action cases are directly refuted by Monat's rigorous clinical studies, and will be vigorously defended by Defendants. But Monat recognizes that federal jurisdiction of each case is proper under CAFA and that there is a common set of law and facts in the various cases that justifies consolidation pursuant to 28 U.S.C. § 1407 for purposes of judicial efficiency and economy, resources, and consistency. The United States Judicial Panel on Multidistrict Litigation (the "JPML") is currently considering a motion for consolidation and transfer under Section 1407, which motion is supported by all litigants in the other federal class action cases. *See* MDL No. 2841 Docket, attached hereto as <u>Exhibit E</u>. After removal of the case at bar, Monat expects to seek transfer and consolidation of the case at bar to the MDL as a "related case" pursuant to 28 U.S.C. § 1407.

33. The other federal cases subject to the JPML's determination on Section 1407 consolidation and transfer are:

- *Dana Sohovich v. Monat Global Corp and Alcora Corporation a/k/a Alcora Group.*, USDC for Southern District of Florida (Miami), Case No. 1:18-cv-20624-MGC
- *Trisha Whitmire and Emily Yanes de Flores v. Monat Global Corp*, USDC for Southern District of Florida (Miami), Case No. 1:18-cv-20636-DPG (the "*Whitmire* Class Action Case")

- *Andrew McWhortor and Deborah McWhortor v. Monat Global Corp*, USDC for Southern District of Florida (Miami), Case No. 1:18-cv-20870-JLK
- *Amber Alabaster v. Monat Global Corp*, USDC for the Western District of Oklahoma (Oklahoma City), Case No. 5:18-cv-00224-M
- *Crystal Merritt v. Monat Global Corp*, USDC for the Northern District of Texas (Dallas), Case No. 3:18-cv-00657-L[6]

### E. NO CAFA EXCLUSIONS

34. The action does not fall within any exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d) or 28 U.S.C. § 1453(d).

## VII. PAPERS FROM THE REMOVED ACTION

35. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all of the pleadings filed in the Superior Court of the State of California for the County of San Diego are attached hereto as <u>Exhibit A</u>. Defendant did not answer Plaintiff's Complaint prior to removal and is not aware of any further proceedings or filings regarding this action in that court.

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Monat Global Corp hereby removes the above-captioned action to the United States District Court for the Southern District of California.

---

[6] A sixth federal class action was recently filed but has not yet been served on Monat asserting the same sorts of allegations and claims on behalf of a putative national class: *Hoffpauir v. Monat Global Corp*, USDC for the Southern District of Florida, Case No. 18-cv-21606-JEM (complaint filed April 23, 2018). Monat expects to seek a "related case" transfer of this new case, and any subsequently-filed cases of a similar nature, to the MDL as well.

| | | |
|---|---|---|
| 1 | Dated: May 2, 2018 | Respectfully submitted, |
| 2 | | By: /s/ Sean M. Gaffney |
| 3 | | PROCOPIO, CORY, HARGREAVES & SAVITCH LLP |
| | | 525 B Street, Suite 2200 |
| 4 | | San Diego, California 92101 |
| | | Telephone: (619) 525-3844 |
| 5 | | Facsimile: (619) 398-0194 |
| | | sean.gaffney@procopio.com |
| 6 | | *Attorneys for Defendant Monat Global Corp* |